Not for Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| IN RE: | CASE NO. | 04-34486 (LMW) |
| HOWARD SLAIS, | CHAPTER | 7 |
| DEBTOR. | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| ROBERTA NAPOLITANO, TRUSTEE, | ADV. PRO. NO. | 05-3103 |
| PLAINTIFF | DOC. I.D. NO. | 15 |
| vs. | | |
| HOWARD SLAIS, | | |
| DEFENDANT. | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**APPEARANCES**

Roberta Napolitano                                Chapter 7 Trustee
Weinstein, Weiner, Ignal,
 Napolitano & Shapiro
P.O. Box 9177
Bridgeport, CT 06601

Howard Slais                                      *Pro se* Debtor
295 Captain Thomas Boulevard
West Haven, CT 06516-5948

**BRIEF MEMORANDUM RE:
TRUSTEE'S MOTION FOR DEFAULT JUDGMENT**

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS**, on September 24, 2004, the above-captioned debtor (the "Debtor") commenced the instant bankruptcy case by the filing of a chapter 7 petition;

**WHEREAS,** the Bankruptcy Code § 341[1] meeting was scheduled for October 19, 2004 (*see* Case Doc. I.D. No. 1);[2]

**WHEREAS,** on January 5, 2005, the Debtor received his chapter 7 discharge (*see* Case Doc. I.D. No. 6);

**WHEREAS,** on January 28, 2005, the chapter 7 trustee (the "Trustee") filed a motion to compel (Case Doc. I.D. No. 8) the Debtor to produce (among other things) a written itemization (the "Itemization") of the disbursement of $78,257.84 which the Debtor had received from the prepetition settlement of a personal injury state court action;

**WHEREAS,** on April 11, 2005, an order (Case Doc. I.D. No. 17, the "Order") issued which (among other things) compelled the Debtor to provide the Trustee with the Itemization on or before July 6, 2005 (subject to an extension for valid medical reasons);

**WHEREAS,** the Debtor did not submit the Itemization to the Trustee and did not seek an extension of time within which to provide it;

**WHEREAS,** on July 21, 2005, the Trustee commenced the instant adversary proceeding by filing that certain Complaint Seeking Revocation of Discharge of Debtor (A.P. Doc. I.D. No. 1)

---

[1] References herein to title 11 of the United States Code or to the Bankruptcy Code are references to the foregoing as they existed prior to amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

[2] Citations herein to the docket of the above-captioned chapter 7 case appear in the following form: "Case Doc. I.D. No. ___." Citations herein to the docket of this adversary proceeding appear in the following form: "A.P. Doc. I.D. No. ___."

pursuant to 11 U.S.C. §§ 727(d)(3) and 727(a)(6) for failure to submit the Itemization pursuant to the Order;

**WHEREAS,** on October 27, 2005, the Trustee's motion for default (A.P. Doc. I.D. No. 9) for failure to plead in this adversary proceeding was granted (*see* A.P. Doc. I.D. No. 13) and the Trustee filed a motion for default judgment (*see* A.P. Doc. I.D. No. 15, the "Motion");

**WHEREAS,** on June 13, 2006, the Debtor filed an affidavit (*see* A.P. Doc. I.D. No. 19) in which he consented to the revocation of his discharge herein and stated that he understood the consequences of that decision;

**NOW, THEREFORE,** it is hereby **ORDERED** that the Motion is granted; and it is further

**ORDERED** that judgment shall enter revoking the Debtor's discharge.

Dated: June 15, 2006                                                    BY THE COURT

                                                              *Lorraine Murphy Weil*
                                                              Lorraine Murphy Weil
                                                              United States Bankruptcy Judge